(81 Misc. Rep. 287.)

PEOPLE ex rel. KEENAN v. SCHULTZE, City Engineer.

(Supreme Court, Trial Term, Rensselaer County. June, 1913.)

MUNICIPAL CORPORATIONS (§ 218*) — VETERAN FIREMAN — APPOINTMENT TO POSITION—REMOVAL.

Where a veteran fireman was appointed by a city engineer to a position not provided for by the charter, and the board of estimate and apportionment took no action looking towards its creation or the salary thereof, the appointment is illegal, and relator is not protected from removal by the Civil Service Law (Consol. Laws 1909, c. 7).

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

Petition by the People, on the relation of John Keenan, for writ of peremptory mandamus to Paul Schultze, City Engineer of the City of Troy. Petition denied.

Frederick C. Filley, of Troy, for relator.

Charles I. Webster, Corp. Counsel, John P. Judge, and Owen D. Connelly, all of Troy, for respondent.

RUDD, J. The relator seeks reinstatement as inspector of masonry and concrete upon the construction of the new Central School building. He contends that he was appointed to that position with salary of $4.80 per day, by the city engineer, and without cause removed therefrom; Joseph Brennan, not a party to this proceeding, having been appointed in his place, to perform the same work at the same salary. The relator asks that a writ issue to compel the city engineer to reinstate him, for the reason that at the time of his removal he was protected by the Civil Service Law (Consol. Laws 1909, c. 7), as a veteran fireman.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Much latitude was allowed relator in the taking of testimony under the issue. He showed notification by the city engineer that he, the city engineer, had appointed relator as an inspector, also a notice of the secretary of the municipal civil service commission that he had passed the civil service examination, and he presented evidence that the city of Troy, through its comptroller's office, had paid to him the compensation agreed upon as his salary. He was superseded in effect January 22, 1912, and Joseph Brennan assumed the duties as inspector on the same work at the same salary, which has been paid by the city.

It is claimed by the city that the employment of Brennan is by contract, and not by appointment; that the appointment of the relator was in violation of law, there being no power or authority vested in the city engineer to make such an appointment, and also that the relator was not protected by the Civil Service Law as a veteran fireman, for the reason that it does not appear that he had served five consecutive years as a fireman in a company duly incorporated and under the control of the state. There is no doubt but what the relator, so far as third persons were concerned, was in fact holding the position of inspector, and that he was recognized as such by the city.

In the question to be here determined, which involves in effect the title to the office, if it was an office, and particularly the consideration as to whether relator had legally been appointed, we must go further than simply to ascertain whether he was in fact acting as an inspector. It is not alleged in the petition that the city engineer had the power of appointment, although the proof shows that the city engineer assumed to make the appointment. It is alleged that the position of inspector was created, but it is not shown by whom it was created, unless it is for us to assume that the appointment by the city engineer was the creation of the position of inspector.

Such assumption would not be justified in fact or law. All subordinate positions, not named or provided for in the charter of second class cities, are created by the board of estimate and apportionment. That board creates the position and fixes the compensation. It is not for any official of the city to create positions and make appointments as in his official opinion it seems necessary. The very object of the law is to clothe one board, and that alone, with the power to provide the necessary servants as the demand arises.

There is no evidence that the board of estimate and apportionment took any action looking to the creation of this position which the relator filled, or took any action with reference to fixing or determining the salary of the position. The relator's appointment was illegal, and while he was in fact an inspector of masonry on a school building, he had no such title to the office as will give him the protection under the Civil Service Law which he here seeks.

In the opinion of the court, the solution of this question disposes of the case. The petition for a writ of mandamus is denied, with costs.

Petition denied, with costs.